UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DONALD WARD,

        Plaintiff,

vs.                                      CASE NO: 2:96-CV-370-FtM-29SPC

JO ANNE B. BARNHART
Commissioner of Social Security,

        Defendant.
_____

**REPORT AND RECOMMENDATION**[1]

      This matter comes before the Court on the Plaintiff, Donald Ward's, Complaint Seeking Review of the Final Decision of the Commissioner of Social Security (Commissioner) denying the Plaintiff's Claim for Disability Insurance (Doc. # 1) filed on August 10, 2005.  The Plaintiff filed his Memorandum of Law in Support of the Complaint (Doc. #14) on January 20, 2006.  The Commissioner filed her Memorandum of Law in Support of the Commissioner's Decision (Doc. #15) on February 21, 2006.   Thus, the Motion is now ripe for review.

    The Undersigned has reviewed the record, including a transcript of the proceedings before the Administrative Law Judge (ALJ), the exhibits filed and administrative record, and the pleadings and memoranda submitted by the parties in this case.

---

[1]This Report and Recommendation addresses only the issues brought up for review by the District Court pursuant to 28 U.S.C. § 405(g).

## FACTS

### *Procedural History*

This case has an extensive procedural history. The Plaintiff protectively filed an application for a period of disability and Disability Insurance Benefits (DIB) on July 29, 1992. (Tr. 95-98, 107.) Some records indicate that the Plaintiff was insured for purposes of DIB only through March 31, 1994. (Tr. 107.) However, the more recent decisions and Orders indicate that the Plaintiff was insured for purposes of DIB through June 30, 1994. (Tr. 771, 804.) Therefore, the Plaintiff had enough quarters of coverage to insure him through the later date of June 30, 1994.

In a decision dated August 21, 1993, Administrative Law Judge (ALJ) J. Robert Brown found that the Plaintiff was not disabled because his back condition did not preclude the performance of his past relevant work as a real estate broker. (Tr. 257-261.) The Plaintiff requested review of this August 21, 1993, hearing decision. (Tr. 263-264.) In an Order dated January 28, 1994, the Appeals Council remanded the case to the ALJ for further evaluation of the Plaintiff's subjective complaints and to obtain Vocational Expert (VE) testimony, if needed. (Tr. 263-64, 269-71.)

In connection with the January 28, 1994, Appeals Council Remand Order, a hearing was held before ALJ William J. Kogan on April 21, 1994. New evidence regarding a mental impairment was submitted during this hearing. ALJ Kogan vacated the original reconsideration determination and remanded the case to the State Agency for evaluation of the mental impairments. After considering the new evidence, the State Agency, once again, denied the Plaintiff's application initially and on reconsideration.

In a hearing decision dated June 29, 1995, ALJ Ruben Rivera found that the Plaintiff was not disabled because he was still able to perform his past relevant work as a real estate broker and an air

freight salesman (Tr. 550-560.) The Plaintiff requested review of the ALJ 's decision dated June 29, 1995. (Tr. 568.) After initially denying Plaintiff's request for review, the Appeals Council, in an Order dated September 29, 1998, remanded the case to the ALJ to obtain and consider additional evidence and obtain VE testimony, if needed. Supplemental hearings were held before ALJ Edward Kohler on February 23, 1999, and April 14, 1999. (Tr. 461-506, 507-33.) ALJ Kohler issued a hearing decision on July 22, 1999, finding that the Plaintiff was not disabled because he, at a minimum, was able to return to his past relevant work as an air freight salesman and real estate broker. (Tr. 770-82.)

The Plaintiff filed a request for the Appeals Council to review this July 22, 1999, hearing decision. The Appeals Council granted this request for review and entered an Order of Remand on December 10, 2001. (Tr. 804-06.) Pursuant to the Order, ALJ Kohler held another hearing on July 19, 2002. (Tr. 534-46.) After this hearing, ALJ Kohler issued a new decision on August 20, 2002, which adopted, incorporated and expanded upon the prior rationale and findings that the Plaintiff was able to return to his past relevant work and was not disabled. (Tr. 434-37, 769-82.) This decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review. (Tr. 427-29.) This case is now ripe for review under section 205(g) of the Social Security Act (Act), 42 U.S.C. § 405(g).

*Plaintiff's History*

The Plaintiff was born on November 19, 1938, and was fifty-one (51) years old when he became disabled on October 2, 1990. (Tr. 95.) He was fifty-five (55) years old at the time he last met the insured status requirement of the Act. (Tr. 95, 434-37.) The Plaintiff completed the ninth

grade as well as real estate training classes. (Tr. 464.) The Plaintiff testified in 1999 that he has a "salesman's license" in the State of Florida. (Tr. 464.) The Plaintiff has a past relevant work history as an air freight salesman, real estate broker and was a janitor briefly in the 1990's. (Tr. 114, 466-470, 478.) The Plaintiff alleges that he became disabled on October 2, 1990. (Tr. 1062.)

*Medical and Psychological History*

The Plaintiff's suffered an injury to his back in 1964 while lifting an eighty (80) pound sack. (Tr. 178.) At that time, the Plaintiff underwent a lumbar fusion surgery secondary to low back pain radiating into his right leg. (Doc. #26, pp.3.) In July 1982, the Plaintiff re-injured his back while lifting a 30-40 pound box. In 1985, the Plaintiff was diagnosed with lumbar degenerative disease.

*Administrative Law Judge's Decision*

The operative decision was issued by ALJ Kohler on August 20, 2002. (Tr. 434-437.) This decision adopted, incorporated and expanded the ALJ's prior decision issued on July 22, 1999 that was reviewed and remanded by the Appeals Council. (Tr. 769-782.) Pursuant to the July 22, 1999 decision, the ALJ found the Plaintiff met the disability insured status requirements of the Act on October 2, 1990, the date the Plaintiff claimed he became unable to work, through June 30, 1994. (Tr. 781.) The ALJ found that the Plaintiff did not engage in substantial gainful activity between October 2, 1990 and June 30, 1994. (Tr. 781.) The Plaintiff was found to have engaged in substantial gainful activity as a janitor for 4 to 5 months for the Lee County School Board in late 1994 through early 1995. (Tr. 781.) The ALJ determined that, as of June 30, 1994, the Plaintiff suffered from the following severe impairments: degenerative disk disease of the lumbar and cervical

spine; status post remote lumbar fusion; and status post cervical hemilaminectomy[2] and microdiskectomy.(Tr. 781.) The ALJ found that as of June 30, 1994, the Plaintiff's severe impairments, whether considered singly or in combination, did not meet or equal the requirements of any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 781.) The ALJ determined that the Plaintiff's allegations were not credible because they are not supported by the objective medical evidence and the other evidence in the record, including his own statements. (Tr. 781.) The ALJ found that as of February 16, 1993, the Plaintiff has the residual functional capacity to perform work related functions except for work involving lifting more than 20 pounds occasionally and 10 pounds frequently, more than occasional climbing, stooping or crouching, or moderate exposure to open heights. (Tr. 781.) The Plaintiff was found capable of walking and standing 6 hours out of an 8 hour workday. Further, as of June 30, 1994, the Plaintiff was found to have the residual functional capacity to perform work related functions except for work involving lifting more than 50 pounds occasionally and/or lifting and carrying more than 25 pounds frequently. He was able to walk and stand 6 hours out of an 8 hour day and sit 6 hours out of an 8 hour day. (Tr. 781.) The ALJ further concluded that as of February 16, 1993, the Plaintiff has medical improvement and it is related to the ability to work. (Tr. 782.) The ALJ found according to the vocational expert's credible testimony at the hearing, the Plaintiff's past relevant work as an air freight salesperson and real estate agent did not require the performance of work-related activities precluded by the Plaintiff's limitations as of February 16, 1993. Additionally, according to the vocational expert's credible testimony at the hearing, the Plaintiff's past relevant work as an air freight, salesperson, real estate agent, and janitor

---

[2]Hemilaminectomy is defined as the surgical removal of the lamina of the vertebral arch on one side. *Taber's Cyclopedic Medical Dictionary*, 914 (Donald Menes, M.D. ed., 19th ed. F.A. Davis 1997)(hereinafter *Taber's*)

did not require the performance of work-related activities precluded by the Plaintiff's limitations between February 16, 1993 and June 30, 1994. (Tr. 782.) The ALJ also concluded that as of February 16, 1993, the Plaintiff's impairments did not prevent him from performing his past relevant work as an air freight salesperson or real estate agent. As of June 30, 1994, his impairment did not preclude him from performing his past relevant work as an air freight salesperson, real estate agent or a janitor. (Tr. 782.) Therefore, the ALJ concluded that the Plaintiff was not under a "disability" as defined in the Social Security Act 20 C.F.R. 404.1520(e) at any time through June 30, 1994.

## STANDARD OF REVIEW

### A. Affirmance

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 390, 91 S. Ct. 1420, 28 L. Ed 2d 842 (1971). In evaluating whether a claimant is disabled, the ALJ must follow the sequential inquiry described in the regulations[3]. See 20 C.F.R. §§ 404.1520(a), 404.920(a). The

---

[3] The inquiry requires the ALJ to engage in a five-step analysis, which will either preclude or mandate a finding of disability. The steps are as follows:
   *Step 1*. Is the claimant engaged in substantial gainful activity? If the claimant is engaged in such activity, then he or she is not disabled. If not, then the ALJ must move on to the next question.
   *Step 2*. Does the claimant suffer from a severe impairment? If not, then the claimant is not disabled. If there is a severe impairment, the ALJ moves on to step three.
   *Step 3*. Does the claimant's impairment meet or equal one of the listed impairments set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1. If so, then the claimant is disabled. If not, the next question must be resolved.
   *Step 4*. Can the claimant perform his or her former work? If the claimant can perform his or her past relevant work, he or she is not disabled. If not, the ALJ must answer the last question.
   *Step 5*. Can he or she engage in other work of the sort found in the national economy? If so, then the claimant is not disabled. If the claimant cannot engage in other work, then he or she is disabled. See 20 C.F.R. §§404.1520(a)-(f), 416.920(a)-(f); see also Phillips v. Barnhart, 357 F.3d 1232, 1237-40 (11th Cir. 2004); Foote v. Chater, 67 F.3d 1553, 1557 (11th Cir. 1995)

Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla-*i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing Walden v. Schweiker, 672 F.2d 835, 838 (11th Cir. 1982)); Richardson, 402 U.S. at 401.

Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. Edwards v. Sullivan, 937 F.2d 580, 585 n.3 (11th Cir. 1991); Barnes v. Sullivan, 932 F.3d 1356, 1458 (11th Cir. 1991). The District Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. Foote, 67 F.3d at 1560; Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir 1992) (holding the court must scrutinize the entire record to determine reasonableness of factual findings).

The court "may not decide the facts anew, reweigh the evidence or substitute it's judgment for that of the [Commissioner]."Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). If the Commissioner's decision is supported by substantial evidence, it should not be disturbed. Lewis v. Callahan, 125 F. 3d 1436, 1440 (11th Cir. 1997).

**B.  Reversal and Remand**

Congress has empowered the district court to reverse the decision of the Commissioner without remanding the cause. 42 U.S.C. § 405 (g)(Sentence Four). The district court will reverse a

---

(per curiam).

Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law. Keeton v. Department of Health and Human Services, 21 F.3d 1064, 1066 (11th Cir. 1994); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). This Court may reverse the decision of the Commissioner, and order an award of disability benefits, where the Commissioner has already considered the essential evidence and it is clear that the cumulative effect of the evidence establishes disability without any doubt. Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993). The district court may also remand a case to the Commissioner for a rehearing under sentence four of 42 U.S.C. § 405 (g); under sentence six of 42 U.S.C. § 405 (g); or under both sentences. Jackson v. Chater, 99 F.3d 1086, 1089 - 92, 1095, 1098 (11th Cir. 1996).

To remand under sentence four, the district court must either find that the Commissioner's decision is not supported by substantial evidence, or that the Commissioner incorrectly applied the law relevant to the disability claim. Jackson, 99 F.3d at 1090 - 91 (remand appropriate where ALJ failed to develop a full and fair record of claimant's residual functional capacity); Davis, 985 F.2d at 534 (remand to the Secretary is warranted where the ALJ has failed to apply the correct legal standards). Where the district court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow the Commissioner to explain the basis for his decision. Falcon v. Heckler, 732 F.2d 827, 830 (11th Cir. 1984). (remand was appropriate to allow ALJ to explain the his basis of his decision).

On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence upon a showing that there is new evidence which is material and

that there was good cause for the failure to incorporate such evidence into the record during a prior proceeding. Diorio v. Heckler, 721 F.2d 726, 729 (11th Cir. 1983)(finding ALJ error and remanding to consider psychiatric evaluation); Reeves v. Heckler, 734 F.2d 519, 522 n.1 (11th Cir. 1984) (remanding on the grounds that it is reversible error for the ALJ not to order a consultative examination when warranted). After a sentence-four remand, the district court enters a final and appealable judgment immediately, and then loses jurisdiction. Jackson, 99 F.3d at 1095.

In contrast, a sentence-six remand may be warranted even in the absence of an error by the Commissioner if new, material evidence becomes available to the claimant. Jackson, 99 F.3d at 1095. Sentence six of § 405 (g) provides:

> The court . . . may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.

42 U.S.C. § 405 (g) (sentence six). To remand under sentence six, the claimant must establish: 1.) that there is new, non-cumulative evidence; 2.) that the evidence is material — relevant and probative so that there is a reasonable possibility that it would change the administrative result; and 3.) there is good cause for failure to submit the evidence at the administrative level. Jackson, 99 F.3d at 1090 - 92; Keeton v. Dept. of Health and Human Serv., 21 F.3d 1064, 1068 (11th Cir. 1994). With a sentence-six remand, the parties must return to the district court after remand to file modified findings of fact. Jackson, 99 F.3d at 1095. The district court retains jurisdiction pending remand, and does not enter a final judgment until after the completion of remand proceedings.[4] Id.

---

[4] The time for filing an application for attorneys fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 ["EAJA"] differs in remands under sentence four and sentence six. Jackson, 99 F.3d at 1089, 1095 n.4 and surrounding text. In a sentence-four remand, the EAJA application must be filed

## THE LAW

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416 (I), 423 (d)(1); 20 C.F.R. § 404.1505. The impairment must be severe, making the claimant unable to do his or her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. § 423 (d)(2); 20 C.F.R. §§404.1505 - 404.1511.

## DISCUSSION

The issue here is whether or not the ALJ properly followed the Order of Remand issued by the Appeals Council on December 10, 2001.  The Plaintiff argues that the ALJ failed to follow the Appeals Counsel's order as directed because he adopted his prior decision and supplemented it with additional material rather than issuing a "new decision."  The Plaintiff further argues that the ALJ failed to apply the required legal standard in determining the weight of evidence in making his RFC decision.  Finally, the Plaintiff argues that the ALJ ignored the vocational experts testimony that the Plaintiff could not return to his past relevant work.  The Government responds that the ALJ acted properly by adopting and  incorporating his previous 1999 remanded decision into his 2002 decision and that the ALJ's 2002 decision was supported by substantial evidence in the record.

*(1) Whether the ALJ Failed to Follow the Appeals Council's Remand Order by Incorporating and Adopting his Previous Order*

> Where a case is remanded to an [ALJ], he shall initiate such additional proceedings and take such additional action (under §§ 410.632 through

---

```
after the entry of judgment before the district court loses jurisdiction. Id. In
a sentence-six remand, the time runs from the post-remand entry-of-judgment date
in the district court. Id.
```

> 410.655) as directed by the Appeals Council in its order of remand. The Administrative Law Judge may take any additional action not inconsistent with the order of remand. Upon completion of all action called for by the order of remand and any other action initiated by the [ALJ], the [ALJ] shall promptly (1) issue a decision in writing which contains findings of fact and a statement of reasons. . . .

20 C. F. R. § 410.665(b).

In its Order of Remand, the Appeals Counsel found the ALJ's decision was not supported by substantial evidence, vacated the decision, and ordered the ALJ to give further consideration to: (1) the treating, examining, and nonexamining sources and explain the weight given such opinions; (2) the claimant's subjective complaints and provide rationale in accordance with the disability regulations; (3) if warranted, the ALJ should obtain evidence from a medical expert in Orthopedic medicine to clarify the claimant's orthopedic impairments; (4) obtain a vocational expert, if warranted, to determine whether the claimant is able to perform any of his past relevant work or has acquired any skills that are transferable via hypothetical questions; and (5) the ALJ should determine if the claimant's past alcohol abuse is a contributing factor material to a finding of disability. The Appeals Council concluded its Order of Remand by directing the ALJ to "take any further action needed to complete the administrative record and issue a new decision." (Tr. 806.)

The Plaintiff's argues from Sims v. Apfel, 530 U.S. 103, 120 S. Ct. 2080, 147 L. Ed. 2d 80 (2000), that failure to issue a "new decision" is grounds for reversal. The Plaintiff misconstrues Sims. The Supreme Court in Sims dealt with administrative exhaustion and whether or not a claimant seeking judicial review has waived any issues that were not included in his previous request for review by the Appeals Council. Id. at 105. The Supreme Court found that a requirement of exhaustion was not appropriate in the context of reviewing Social Security decisions because the Social Security

11

review process is informal and non-adversarial. Id. at 111.  Since Social Security proceedings are inquisitorial rather than adversarial it is the job of the Appeals Council to help the claimant develop the issues on review. Id.

The Plaintiff argues that since the ALJ incorporated his previous order into his 2002 decision and then addressed the new decision toward correcting the errors found by the Appeals Council, that the ALJ took on an adversarial role.  In essence, the Plaintiff appears to accuse the ALJ of taking a position adverse to his client rather than addressing the Appeals Council's concerns.  The Plaintiff's argument is without merit.  The regulations merely require the ALJ to make a decision in writing and show his rationale for the decision. 20 C. F. R. § 410.665(b).  There was no reason for the ALJ to rehash the facts or address issues that were not remanded by the Appeals Council, since they were presented in his original decision.  The ALJ in his 2002 decision addressed the Appeals Council's directives.  The ALJ's actions were not improper nor did he take on the role of an adversary by addressing the Appeals Council's directives in his new order or by incorporating and adopting his previous 1999 decision into the new 2002 decision.

*(2) Whether the ALJ Applied the Required Legal Standard in Determining the Weight of Evidence*

The Plaintiff alleges that the ALJ failed to properly credit the medical opinions of the Plaintiff's treating physicians.  The Order of Remand directed the ALJ to consider the medical opinions of Drs. Kapp, Kini, and Bakhtian, as well as the opinions the State Agency physicians. (Tr. 805.)

Substantial weight must be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise. 20 C.F.R. § 404.1527 (d); Lewis, 125 F.3d at 1439 - 1441; Sabo v. Commissioner of Social Security, 955 F.Supp. 1456, 1462 (M.D. Fla. 1996).

If a treating physician's opinion on the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight. 20 C.F.R. § 404.1527 (d)(2). The ALJ may discount a treating physician's opinion or report regarding an inability to work if it is unsupported by objective medical evidence, supports a contrary finding, or is wholly conclusory. Edwards v. Sullivan, 937 F.2d 580, (11th Cir. 1991) (ALJ properly discounted treating Physician's report where the physician was unsure of the accuracy of his findings and statements); Morrison v. Barnhart, 278 F. Supp. 1331, 1334 (M.D. Fla. 2003). Where a treating physician has merely made conclusory statements, the ALJ may afford them such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments. Schnor v. Bowen, 816 F.2d 578, 582 (11th Cir. 1987); Wheeler v. Heckler, 784 F.2d 1073, 1075 (11th Cir. 1986).  When a treating physician's opinion does not warrant controlling weight, the ALJ must nevertheless weigh the medical opinion based on the (1) length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) the medical evidence supporting the opinion; (4) consistency with the record as a whole; (5) specialization in the medical issues at issue; (6) other factors which tend to support or contradict the opinion. 20 C.F.R. § 404.1527 (d). However, a treating physician's opinion is generally entitled to more weight than a consulting physician's opinion. 20 C.F.R. § 404.1527 (d)(2); Wilson v. Heckler, 734 F.2d 513, 518 (11th Cir.1984). Furthermore, should the ALJ discount the treating physician's opinion he must clearly articulate the reasons for giving less weight to the opinion, and failure to do so is reversible error. Morrison, 278 F. Supp. at 1334.

The ALJ is required to review all of the medical findings and other evidence that supports a

13

medical source's statement that a claimant is disabled. However, the ALJ is responsible for making the ultimate determination about whether a claimant meets the statutory definition of disability. 20 C.F.R. § 404.1527 (e). The ALJ is not required to give any special significance to the status of a physician as treating or non-treating in weighing an opinion on whether the claimant meets a listed impairment, a claimant's residual functional capacity (20 C.F.R. §§ 404.1545 and 404.1546), or the application of vocational factors because that ultimate determination is the providence of the Commissioner. 20 C.F.R. § 404.1527 (e).

In his 2002 decision, the ALJ discussed the decisions of the Plaintiff's treating physicians as they applied to the relevant period between the onset of disability in October of 1990 and the date the Plaintiff was last insured June 30, 1994. The Appeals Council explained that the opinion of Dr. Azzara was appropriately addressed and therefore, the ALJ did not revisit his decision regarding him. Regarding Dr. Bakhtian's opinion, the ALJ found that Dr. Bakhtian's conclusion was inconsistent with his own reports from 1993 and1994 regarding the resolution of the Plaintiff's pain and neurological deficits. (Tr. 436.) The ALJ may discount a treating physician's opinion when the opinion is not bolstered by the evidence, the evidence supports a contrary finding, or the treating physician's opinion is conclusory or inconsistent with the doctors own medical records. James v. Barnhart, 177 Fed. Appx. 875, *3 n. 1 (11th Cir. 2006). Thus, the ALJ properly addressed the Appeals Council Order of Remand concerning why he rejected Dr. Bakhtian's opinion.

The ALJ also revisited his 1999 decision regarding his rejection of the opinions of Drs. Kini and Kapp. In his 1999 decision, the ALJ wrote:

> Dr. Vidya Kini reported on July 3, 1991 that, while the claimant complained of back pain that radiated down the lower extremities and had decreased range of motion in the lumbar spine, he had normal range of motion of the

> upper and lower extremities, negative straight leg raising, normal and symmetric muscle tone and bulk, 5/5 strength in all major muscle groups, bilaterally symmetric reflexes, a grossly intact sensory examination, no obvious atrophy, fasciculation or incoordination, a normal gait, and good balance (Exhibit 16). An examination conducted by Dr. Howard Kapp, a specialist in orthopaedic surgery, revealed similar findings. Dr. Kapp opined that the claimant's symptoms were "due to a chronic pseudoarthrosis and failed back surgery" (Exhibits 18). This indicates that the claimant should have been able to continue working as a real estate agent, as he had for the 10 years prior to 1990 that he experienced back pain.

(Tr. 777.)

In his 2002, decision the ALJ stated that Dr. Kini's opinion carried some weight as it applied to the period prior to the Plaintiff's surgery on February 16, 1993. However, the ALJ noted that the Plaintiff, since Dr. Kini's assessment, could perform at the light to sedentary work level which was established by the fact that he worked a job as a janitor, which required more than light sedentary exertion. The Plaintiff's records also showed notable improvement since the 1991 assessment by Dr. Kini. (Tr. 436.) The ALJ further noted that Dr. Kini did not have complete information when forming his opinion. For instance, the ALJ noted that Dr. Kini did not have information relating to the Plaintiff's leisure activities such as playing golf and exercising. *See* Moore v. Barnhart, 405 F.3d 1208, 1212 (11th Cir. 2005) (noting that the ALJ properly discredited a treating physicians testimony by pointing out the contrasts in the claimants daily activities and the physicians diagnosis); Wilson v. Barnhart, 284 F.3d 1219, 1226 (11th Cir. 2002) (upholding the ALJ's finding that the claimant's allegations of disabling pain were not credible because of her daily activities demonstrated otherwise).

As for his rejection of Dr. Kapp's opinion, the ALJ wrote in his 2002 decision:

> [b]ased on the evaluation in April 1992, Dr. Kapp opined that the claimant could not do anything "other than a very sedentary sitting

15

> job" (Exhibit 18/1-2). Yet as aforementioned, Dr. Kini, who had previously seen the claimant only four months before, had determined that the claimant could do more. Notably, Dr. Kini was aware of a functional capacities evaluation, which assisted him in making his assessment. Yet Dr. Kapp was apparently unaware that such an evaluation had been made. He believed that an evaluation of that kind would not be useful (See exhibit 18/2). It is further notable that other examinations that Dr. Bakhtian and Dr. Sareen made indicated that the claimant could do more than which Dr. Kapp assessed. Certainly the janitorial made greater demands on the claimant than a "sedentary sitting job" would have. The claimants activities show that he was able to do more than that which Dr. Kapp had assessed. Dr. Kapp's opinion is rejected.

(Tr. 436.) The ALJ noted that both doctors lacked pertinent information in making their assessments of the Plaintiff's capabilities. In regards to Dr. Kapp, the ALJ found that his assessment conflicted with the opinions of Dr. Bakhtian, one of the Plaintiff's treating physicians, and Dr. Sareen, as well as the opinion of Dr. Kini who four months prior to Dr. Kapp's examination found the Plaintiff could work at higher levels than Dr. Kapp found. (Tr. 436.) The ALJ also noted that the Plaintiff could play golf and exercise.

Here, evidence in the record supports the ALJ's determination that Dr. Kini and Dr. Kapp based their opinions against the greater weight of medical evidence. Good cause exists to reject a treating physicians opinion where evidence supports a contrary finding. <u>Kinnaird v. Barnhart</u>, 138 Fed. Appx. 224, 227 (11th Cir. 2005) (citing <u>Phillips v. Barnhart</u>, 357 F.3d 1232, 1240-1241 (11th Cir. 2004)). Thus, the ALJ's 2002 decision adequately addresses the Appeals Council's concerns regarding the treating physicians.

The Appeals Council also directed the ALJ to consider the Plaintiff's mental impairments and any effect they may have had on the Plaintiff's ability to work. In his 2002 decision, the ALJ addressed the opinion of Dr. Joseph White, who conducted a psychological evaluation on July 15,

16

1994. It was noted that the Plaintiff had abused alcohol since 1979 but that he had no history of psychological or psychiatric treatment. (Tr. 435.) Dr. White reported that the Plaintiff was "depressed and anxious, but was open and cooperative, well oriented to time and place, and had no hallucinations, suicidal ideation or thought disorder, good attention and concentration and adequate short term memory." (Tr. 435.) The ALJ also mentioned that the Plaintiff did not seek any formal treatment during the relevant period ending with his last date insured on July 30, 1994. (Tr. 435.) Furthermore, Dr. White's opinion was based on the Plaintiff's own statements and not on the results of psychological testing. (Tr. 435.)

The ALJ also addressed comments made by Dr. Azzara in his 2002 decision. The ALJ noted that while Dr. Azzara opined that the Plaintiff was seriously limited in his ability to mentally perform work activities, he did not perform a complete mental health examination on the Plaintiff. Thus, Dr. Azzara's diagnosis was not supported by objective medical evidence. (Tr. 435.) The ALJ, further pointed out that Dr. Azzara was not a psychologist or psychiatrist and therefore, he gave little weight to Dr. Azzara's diagnosis of depressive symptoms. (Tr. 435.)

The Claimant bears a heavy burden in establishing the existence of a disability. Kinnaird v. Barnhart, 138 Fed. Appx. 224, 227 (11th Cir. 2005). In this instance, the Plaintiff presented no medical evidence of severe mental impairment prior to his last date insured on June 30, 1994. Thus, the ALJ's 2002 decision adequately addressed the Appeals Council's concerns regarding his review of the Plaintiff's mental impairments.

The ALJ was also asked to consider an orthopedic examination if warranted. The ALJ did not include an orthopedic exam in his 2002 decision. The ALJ is required to order additional medical tests and examinations only when a claimant's medical sources do not give sufficient medical evidence

about an impairment to determine whether the claimant is disabled. 20 C.F.R. § 416.917; Conley v. Bowmen, 781 F.2d 143, 146 (8th Cir. 1986). In fulfilling his duty to conduct a full and fair inquiry, the ALJ is not required to order a consultative examination unless the record establishes that such an examination is necessary to enable the ALJ to render an informed decision. Holladay v. Bowen, 848 F.2d 1206, 1209 (11th Cir. 1988); Reeves v. Heckler, 734 F.2d 519, 522 n. 1 (11th Cir. 1984) (failure to order such an evaluation may be reversible error). Under the regulations, however, the ALJ may determine that a consultative examination or other medical tests are necessary. 20 C.F.R. §416.917 (1998). In this instance, the ALJ was not required to order the orthopedic exam unless he felt it was warranted.

### *(3) Whether the ALJ Properly Considered the VE's Testimony*

In the Order of Remand, the Appeals Council directed "[i]f warranted by the expanded record, the [ALJ] will obtain supplemental evidence from a vocational expert to determine whether the claimant is able to perform any of his past relevant work or has acquired any skills that are transferable with very little, if any, vocational adjustment to other occupations under the guidelines in Social Security ruling 82-41." (Tr. 805.) At the hearing held in 2002, the ALJ obtained the services of Joyce Ryan as a vocational expert (VE). Ryan was also the VE during the 1999 hearing.

After the Plaintiff testified in 2002, the ALJ asked Ryan if there were any changes in her testimony from the prior hearing, considering the same hypothetical individual who had the vocational profile and limitations that had been proposed at that hearing. (Tr. 437.) Ryan said no. (Tr. 437.) The Plaintiff argues that the VE's testimony is based only upon the results of the state agency physicians. When presented with the opinions of Dr. Azzara and Dr. Bahktian by the Plaintiff's Counsel the VE said the Plaintiff could not work a full range of light work. Therefore, the Plaintiff

18

argues that the ALJ improperly considered the VE's testimony. The Government argues that since the VE reached a decision that the Plaintiff could return to his past relevant work as a real estate agent or as a sales representative for an air freight company, the VE supported the ALJ's decision with substantial evidence.

After review of the record, listening to testimony at both the 1999 hearing and the 2002 hearing the VE determined that the Plaintiff could return to his past relevant work. The Plaintiff argues that the opinions of Drs. Azzara and Bahktian should be considered , however, the ALJ properly discounted their opinions in his 2002 decision. As such, the ALJ properly considered the VE's testimony.

Accordingly it is hereby

**RECOMMENDED:**

That Pursuant to the Plaintiff, Donald Ward's, Complaint Seeking Review of the Final Decision of the Commissioner of Social Security (Commissioner) denying the Plaintiff's Claim for Disability Insurance (Doc. # 1) the Decision of the Commissioner Denying Disability Benefits should be **AFFIRMED.**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**DONE AND ORDERED** at Fort Myers, Florida, this __5th__ day of September, 2006.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies:  Counsel of record, MJCD