UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DONALD WARD,

                Plaintiff,

vs.                                    Case No.  2:96-cv-370-FtM-29SPC

JO ANNE BARNHART, Commissioner of
Social Security,

                Defendant.
_____

## OPINION AND ORDER

This matter is before the Court on consideration of Magistrate Judge Sheri Polster Chappell's Report and Recommendation (Doc. #30), filed on September 5, 2006, recommending that the Commissioner's decision to deny social security disability benefits be affirmed.  Plaintiff filed Objections (Doc. #31) on September 15, 2006.

### I.

The Court reviews the Commissioner's decision to determine if it is supported by substantial evidence and based upon proper legal standards.  Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004).  Substantial evidence is more than a scintilla but less than a preponderance, and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.  Moore v. Barnhart, 405 F.3d 1206, 1211 (11th Cir. 2005); Crawford, 363 F.3d at 1158.  Even if the evidence preponderates against the Commissioner's findings, the Court must affirm if the decision

reached is supported by substantial evidence.  <u>Crawford</u>, 363 F.3d at 1158-59.  The Court does not decide facts anew, make credibility judgments, reweigh the evidence, or substitute its judgment for that of the Commissioner.  <u>Moore</u>, 405 F.3d at 1211; <u>Dyer v. Barnhart</u>, 395 F.3d 1206, 1210 (11th Cir. 2005).  The magistrate judge, district judge and appellate judges all apply the same legal standards to the review of the Commissioner's decision.  <u>Dyer</u>, 395 F.3d at 1210; <u>Shinn ex rel. Shinn v. Comm'r of Soc. Sec.</u>, 391 F.3d 1276, 1282 (11th Cir. 2004); <u>Phillips v. Barnhart</u>, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004).

## II.

(1) **"New Decision"/ALJ Bias:**   Plaintiff objects to the Report and Recommendation's finding that the Administrative Law Judge (ALJ) complied with the Appeals Council's remand order to "issue a new decision" (Tr. 806).  Plaintiff argues that the ALJ did not "issue a new decision" when he issued a decision which incorporated and adopted his previous decision, with amendments and additions, because he should have issued a new decision which complied with all the formatting, style, and structure requirements of the Commissioner's HALLEX (Hearings, Appeals and Litigation Law Manual).

Plaintiff points to no regulation which precludes a "new decision" in the format utilized by the ALJ.  The Appeals Council obviously had no problem with the decision, since it denied

plaintiff's request for review (Tr. 427-29).  Plaintiff's reliance on the HALLEX manual is not controlling for two reasons.  First, the manual is not given the force of law.  Stroup v. Barnhart, 327 F.3d 1258, 1262 (11th Cir.)(Program Operations Manual System (POMS) can be persuasive but does not have force of law), cert. denied, 540 U.S. 1074 (2003); Bunnell v. Barnhart, 336 F.3d 1112, 1115 (9th Cir. 2003)(HALLEX has no legal force and is not binding); Lowry v. Barnhart, 329 F.3d 1019, 1023 (9th Cir. 2002)(same).  Second, nothing plaintiff has cited in the manual precludes the format utilized by the ALJ of incorporating a prior decision and supplementing that decision.  While a decision must be sufficient to allow a reviewing court or agency to discern the basis of the decision, Falcon v. Heckler, 732 F.2d 827, 830 (11th Cir. 1984), the format adopted satisfied this requirement.  Nothing about the new decision rendered it incapable of being understood by the claimant, who obviously had received the initial decision; and nothing inherently precludes an ALJ from adopting his vacated decision and supplementing it with the matters as directed by the Appeals Council.  As the Appeals Council's order made clear, not all portions of the prior decision were insufficient.  While the erroneous matters must be corrected, even decisions vacated by the Supreme Court may be reinstated to the extent that they do not conflict with current law.  E.g., United States v. Maxwell, 446 F.3d 1210, 1211, 1219 (11th Cir. 2006); United States v. Levy, 416 F.3d 1273, 1280 (11th Cir.), cert. denied, 126 S. Ct. 643 (2005).

Contrary to plaintiff's argument, following the HALLEX format for all decisions is hardly "the guarantee that written decision meets the criteria of the Act and Regulations" (Doc. #31, p. 8) since many decisions which satisfy the format are routinely challenged as being erroneous.  Accordingly, the Court overrules this objection.

As the Report and Recommendation recognizes, there is a more substantial issue than the form-over-substance argument.  Plaintiff argues that by the format he chose to utilize in issuing the new decision, the ALJ demonstrated bias by essentially becoming adversarial instead of inquisitorial and failed to afford plaintiff a *de novo* review or a fair hearing on his claim.  Plaintiff claims that bias is demonstrated on the face of the ALJ's "new" decision.

It is clear that a claimant has the right to an unbiased ALJ and to a process which is not adversarial, and that bias can be demonstrated on the face of a decision.  Miles v. Chater, 84 F.3d 1397 (11th Cir. 1996).  The Court has reviewed the matter carefully, and finds no evidence of bias.  While the ALJ noted his disagreement with some of what the Appeals Council said (Tr. 435), he fully complied with the Appeals Council's directives.  There is no indication that the ALJ failed in his obligations or in pursuing the issues on remand, although he was "sympathetic with the claimant's situation . . ." (Tr. 436.)

With the exception of its reliance upon 20 C.F.R. § 410.665(b), the Court agrees with and adopts the Report and

Recommendation as to the first issue, as supplemented by the discussion above.

**(2) Weight of the Evidence:** Plaintiff objects to the Report and Recommendation on the ground that it erred in failing to find that the ALJ applied an incorrect legal standard in determining the weight of the evidence.  In particular, plaintiff asserts that the ALJ improperly discounted the opinions of all treating physicians as well as the opinion of the State Agency medical consultants who reviewed the file.   Plaintiff asserts that the Report and Recommendation did not inquire whether the reasons given by the ALJ were "in conformity with the facts," specifically the ALJ's statement as to medical improvement.  (Doc. #31, pp. 13-14.)

After reviewing the pertinent portion of the Report and Recommendation (Doc. #30, pp. 12-18), the Court overrules the objection.  The Report and Recommendation accurately states the applicable law, factually examines the ALJ's application of the law to the facts, examines the record to determine whether it supports the ALJ's determinations, and correctly refrained from improperly reweighing the evidence and failing to give substantial deference to the Commissioner's decision.  E.g., <u>Dyer</u>, 395 F.3d at 1210-12.

**(3) Vocational Expert Testimony:** Plaintiff objects to the Report and Recommendation's finding that the ALJ complied with the Appeals Council's remand instruction concerning the testimony of a vocational expert.  The vocational expert, after hearing plaintiff

testify at the 2002 hearing, stated that her testimony would not change from the 1999 hearing.  There was nothing improper about asking the vocational expert whether she would change her testimony based on the additional testimony.  The vocational expert found that plaintiff could perform his past relevant work as a real estate agent or a sales representative for an air freight company. While the order of remand instructed that the ALJ ask specific questions related to the Step 5 issues, it was not necessary to proceed to step 5 given plaintiff's ability (at step 4) to perform past relevant work.  The Court overrules this objection.

After an independent review, with the exception of reliance upon 20 C.F.R. § 410.665(b), the Court agrees with the findings and recommendations in the Report and Recommendation.

Accordingly, it is now

**ORDERED**:

1.  The Report and Recommendation (Doc. #30) is accepted and adopted by the Court as supplemented above and with the exception of its reliance upon 20 C.F.R. § 410.665(b).

2.  The Decision of the Commissioner of Social Security is **affirmed** pursuant to sentence four of 42 U.S.C. § 405(g).

3.  The Clerk of the Court shall enter judgment accordingly and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this __25th__ day of September, 2006.

_____

JOHN E. STEELE
United States District Judge

Copies:
Hon. Sheri Polster Chappell
U.S. Magistrate Judge

Counsel of Record